UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOUHEEDAH BARKELY; PETER
BARKLEY,

                    Plaintiffs,

            -against-

OTTISVILE CORRECTIONAL FACILITY;
CORRECTIONAL OFFICERS;
SUPERINTENDENT,

                    Defendants.

1:24-CV-3647 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Peter Barkley, who is currently incarcerated in the Altona Correctional Facility,

filed this action *pro se*, asserting claims on his own behalf, and seeking to assert claims on behalf

of his wife, Jouheedah Barkley, and, perhaps, on behalf of others.[1] Plaintiff invokes the court's

federal question jurisdiction, and states that the federal constitutional or federal statutory bases

for this action are: "[d]iscrimination of a handicap, suffered severe depression was stripped

searched illegally after I signed a consent to a pat frisk was asked to remove pros[th]etic leg

emotional distress. [*sic*]" (ECF 1, at 2.) Plaintiff sues: (1) the Otisville Correctional Facility;

(2) unidentified "Correctional Officers"; and (3) a person who appears to be the Superintendent

of the Otisville Correctional Facility. The complaint seeks monetary damages as well as

---

[1] Because Jouheedah Barkley did not sign the complaint commencing this action, which
is required of any litigant filing a complaint *pro se*, *see* Fed. R. Civ. P. 11(a), and because Peter
Barkley did sign the complaint, the Court understands that Peter Barkley is asserting claims in
this action on his own behalf and is seeking to do so on behalf of Jouheedah Barkley.
Accordingly, even though Jouheedah Barkley is listed as a plaintiff in the complaint's caption,
Peter Barkley is the only true plaintiff in this action, and the Court will refer only to Peter
Barkley as "Plaintiff" in this order.

injunctive relief, namely, that "this matter . . . [be] investigated due to discrimination and that the prison . . . [be made] handicap[] accessible." (*Id.* at 6.)

By order dated June 27, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff alleges the following: On March 10, 2024, while Plaintiff was incarcerated in the Otisville Correctional Facility, his wife, Jouheedah Barkley, paid him a visit there. When she

---

[2] Prisoners, like Plaintiff, are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1). Jouheedah Barkley has neither paid the fees to bring this action, nor filed an IFP application.

arrived at that facility, however, "she could not clear the metal detector because she has a pros[th]etic leg." (ECF 1, at 5.) Prison officials told her that "she had to be stripped [searched] in the bathroom by a female [correctional] officer[,] [who] made her take her pants down and take the leg off . . . [to] look inside her leg." (*Id.*) Jouheedah Barkley "did not know what was happening because she never had this done while being handicap[ped] and [there] has never been a process" for searching her when visiting Plaintiff while he has been incarcerated. (*Id.*) When prison officials were "asked what was going on[,] the only thing . . . [they] said [was that they] . . . never had anyone with a pros[th]etic leg come . . . visit before and . . . [they were] very disrespectful [and] they laughed." (*Id.*)

Plaintiff states the following in the relief section of his complaint: "[M]y family will be seeking 1.1 million dollars and I will be seeking the same sum. I will also ask that this matter . . . [be] investigated due to discrimination and that the prison . . . [be made] handicap[] accessible." (*Id.* at 6.)

## DISCUSSION

### A.    Plaintiff's claims on behalf of others

The Court understands that Plaintiff is asserting claims on behalf of others, including his wife, Jouheedah Barkley, and other members of his family. The Court, however, must dismiss those claims. The statutory provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). In addition, "because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *Cheung v. Youth Orch. Found. of Buffalo,*

*Inc.*, 906 F.2d 59, 61 (2d Cir. 1990). Plaintiff does not allege that he is an attorney, therefore, he cannot assert claims in this action on behalf of any another person, including his wife, Jouheedah Barkley, and any other member of his family. The Court therefore dismisses, without prejudice, any claims that Plaintiff raises in this action on behalf of his wife, Jouheedah Barkley, and other members of his family.

**B.    Plaintiff's standing to sue**

Plaintiff does not have standing to assert any claims arising from the manner in which his wife, Jouheedah Barkley, was allegedly searched upon her arrival at the Otisville Correctional Facility. The doctrine of standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citations omitted). Standing is, therefore, "the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

To have standing to sue, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc.*, 578 U.S. at 338 (citing, *inter alia*, *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). At the pleading stage, "the plaintiff must 'clearly. . . allege facts demonstrating' each element" of standing. *Id.* (citation omitted).

Plaintiff does not have standing to bring his own claims arising from the manner in which *his wife*, Jouheedah Barkley, was searched. Jouheedah Barkley, and not Plaintiff, was allegedly strip searched by prison officials. Thus, Jouheedah Barkley, and not Plaintiff, has suffered injuries arising from that alleged search. Accordingly, Plaintiff lacks standing to bring claims arising from that alleged search. The Court therefore dismisses Plaintiff's own claims arising from that alleged search for lack of standing and, thus, for lack of subject matter jurisdiction. *See*

Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If plaintiffs lack Article III standing, a court has no subject matter jurisdiction to hear their claim." (internal quotation marks and citation omitted)); *see also Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("Subject-matter jurisdiction . . . is an Art. III as well as a statutory requirement[.]").

**C.    Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses this action for reasons set forth in this order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated:    August 21, 2024
          New York, New York

                            /s/ Laura Taylor Swain
                            LAURA TAYLOR SWAIN
                            Chief United States District Judge